NOT DESIGNATED FOR PUBLICATION

No. 121,437

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARY D. COWAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed March 13, 2020. Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Gary D. Cowan appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Cowan's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed no response.

On July 1, 2016, Cowan pled no contest to one count of possession of methamphetamine. On August 11, 2016, the district court sentenced Cowan to 30 months' imprisonment but granted probation for 18 months.

The record reflects that Cowan received both a 3-day jail sanction and a 120-day prison sanction for violating the conditions of his probation. The district court also

1

extended the term of Cowan's probation. At a hearing on May 7, 2019, the district court found that Cowan violated the conditions of his probation by failing to report and by failing to abstain from the use of illegal drugs. Also, the district court had found at a prior hearing that Cowan violated the conditions of his probation on other grounds including failing to obey all laws. At the hearing on May 7, 2019, Cowan denied drug use despite the probation officer's testimony that Cowan twice tested positive for methamphetamine while he was wearing drug patches. After hearing the conflicting evidence, the district court found that the "State has met its burden of proving that there was [drug] usage during that period." The district court revoked Cowan's probation and ordered him to serve his original sentence. Cowan timely appealed.

On appeal, Cowan claims the district court "abused its discretion because the decision to revoke probation and ordering him to serve a prison term was unreasonable, especially because [he] denied drug use." But Cowan concedes that once the State shows the defendant has violated the conditions of probation, the decision to revoke probation rests within the district court's sound discretion.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Cowan denied the allegation that he violated his probation by using drugs, but the district court found the probation officer's testimony supported the violation. "To sustain an order revoking probation on the grounds that a probationer has committed a violation

2

of the conditions of probation, commission of the violation must be established by a preponderance of the evidence." *Gumfory*, 281 Kan. at 1170. Here, there was evidence to support the district court's finding that Cowan was using drugs while on probation, and we will not reweigh the evidence on appeal. See *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). Moreover, the district court also found that Cowan violated the conditions of his probation on other grounds including failing to obey all laws and failing to report, and Cowan is not challenging these grounds on appeal.

Cowan received the intermediate sanctions required by law. See K.S.A. 2018 Supp. 22-3716(c)(1). The record shows that the district court gave Cowan many chances to succeed on probation, but he could not comply with the basic conditions of his supervision. The district court's decision to revoke Cowan's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Cowan has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.